UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBHI HAZEN,

    Plaintiff,

v.                                                                             Case No. 12-11290
                                                                             HON. AVERN COHN
BEST BUY, CO., INC.,

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 2)

### I. Introduction

This is a consumers rights case. Plaintiff, Dr. Rebhi Hazen, is suing Best Buy Co. Inc.[1] making claims in relation to an incident that occurred involving his experience with defendant's Geek Squad regarding service to his laptop computer. Before the Court is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted in part and denied in part. Counts I, IV, V, VI, VII, and VIII will be dismissed. Counts II and III continue.

### II. The Complaint

#### A.

The complaint, fairly read, alleges the following:

1.      Plaintiff took his laptop computer to defendant for repairs.

---

[1]Defendant says its correct name is Best Buy Stores, LP.

2.	The computer contained data collected by plaintiff over a period of years.

3.	The receipt received by plaintiff shows he paid an enhanced charge of $350.00 for "Data Backup/Diag and Repair." The ordinary charge for repair is $90.00.

4.	Defendant, in the course of repairing the computer, downloaded the data to compact discs as part of its repair obligation.

5.	The defendant misplaced the compact discs which contained the downloaded data.

6.	The Service Order memorializing the delivery of the computer by plaintiff to defendant reads in part:

> Service Order Disclaimer:
> I authorize Best Buy/Geek Squad ("Best Buy") to:
>
> . . .
>
> 7. NOT back up my data on my product unless I specifically request Best Buy to do so for an applicable fee PRIOR to the performance of any service
>
> . . .
>
> 9. PRIOR TO DELIVERING MY PRODUCT TO BEST BUY FOR SERVICE IT IS MY RESPONSIBILITY (1) TO BACK UP DATA ON IT AND (2) REMOVE ALL MEDIA AND STORED CONTENT FROM MY PRODUCT.
>
> 10. WAIVE ANY DATA LOSS OR MEDIA LOSS CLAIMS, WHETHER OR NOT I HAVE REQUESTED BEST BUY TO BACK UP MY DATA, AGAINST BEST BUY AS UNDER NO CIRCUMSTANCES SHALL THEY BE LIABLE FOR ANY LOSS, ALTERATION OR CORRUPTION OF ANY DATA, OR LOSS OF MEDIA FROM MY PRODUCT.
>
> 11. Waive any consequential or incidental damages against Best Buy that may occur as a result of this service.

> 12. I verify that I have read and agree to the terms of this Service Order Disclaimer and that the name, address and phone number listed above in the Customer Information Section is accurate.

7. A second document (Terms and Conditions) signed by plaintiff at the time the computer was delivered to defendant reads in part:

> By signature below, I "Client" agree to the following terms and conditions, which are in addition to those terms and conditions contained within the Service Order Disclaimer form.
>
> * * *
>
> NO WARRANTIES
>
> IN REGARDS TO THIS ENGAGEMENT GEEK SQUAD MAKES AND YOU RECEIVE NO WARRANTIES OR CONDITIONS FOR ANY GOOD OR SERVICE, EXPRESS, IMPLIED, STATUTORY, OR IN ANY COMMUNICATION WITH YOU, AND GEEK SQUAD SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND ARISING FROM USAGE OF TRADE OR COURSE OF PERFORMANCE.
>
> * * *
>
> [. . .] This agreement, together with Geek Squad's Service Order Disclaimer form, constitute the entire agreement between the parties in relation to this subject matter and supersede all other terms including any of your purchase order terms.

8. These limitations of liability do not exculpate defendant from responsibility for losing the data.

## B.

The complaint is in eight (8) counts, as follows:

> Count I        negligence

  Count II  promissory estoppel

  Count III  breach of contract

  Count IV  gross negligence

  Count V  intentional infliction of emotional distress

  Count VI  vicarious liability/respondent superior

  Count VII  false/innocent misrepresentation

  Count VIII  silent fraud

### III.  The Motion

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on the grounds that:

> The contracts establish that no warranties were made as to the services to be performed; further, Dr. Hazen specifically waived any and all claims related to data loss, as well as consequential and incidental damages related to repair services performed on his computer.  Each and every one of plaintiff's claims are either (1) barred by the relevant contracts ("Service Order Disclaimer" and/or "Terms and Conditions"); (2) consist entirely of formulaic recitations of elements of causes of action; or (3) are simply reiterations of plaintiff's claims alleging contractual breaches and/or breaches of express and implied warranties, which are barred by the Service Order Disclaimer and/or Terms and Conditions.

The Parties' Rule 26(f) Report, at p. 4 (Doc. 4).

### III.  Analysis

#### A.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the

4

assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).

Here, the Court has considered documents which are referenced in the complaint and central to plaintiff's claims. This includes the receipt, the Service Order and the Terms and Conditions.

A.  Tort Claims

The claims sounding in tort are improperly pled.  "For an action in tort to exist here, there must be a breach of duty separate and distinct per duties imposed by contract."  Nelson v. North Western Savings & Loan Assoc., 146 Mich.  App.  505, 509 (1986).  Count I (negligence), Count IV (gross negligence), Count VIII (false/innocent representation) and Count VIII (silent fraud) fail to state a claim because they are essentially subsumed with plaintiff's contract claims.  All of these claims relate to contractual duties.  Plaintiff's claim for intentional infliction of emotional distress under Count V also fails for this reason and for the additional reason that the allegations do not give rise to a plausible claim for relief.  See Dalley v. Dykema Gossett PLLC, 287 Mich. App 296, 321 (2010)

B.  Contract Claims

Whether or not the claims arising out of the contractual relationship of the parties, Count II (promissory estoppel) and Count III (breach of contract), are barred by the disclaimer recited above is not clear, given the ambiguity in the scope of defendant's responsibilities as reflected in the receipt for the $350.00 charge.  Whether what occurred is a loss of data for which defendant is not liable, or a loss of data for which defendant is liable, is an open question.  Also, if it is a loss of data for which defendant is liable, the measure of damages is an open question.  These claims are sufficient to survive a Twombly/Iqbal challenge.

IV.  Conclusion

For the reasons stated above, defendant's motion to dismiss is GRANTED as to Counts I, IV, V, VI, VII and VIII, and DENIED as to Counts II and III.

SO ORDERED.


            S/Avern Cohn
            AVERN COHN
            UNITED STATES DISTRICT JUDGE

Dated:  June 22, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 22, 2012, by electronic and/or ordinary mail.

            S/Tanya Bankston on behalf of s/Julie Owens
            Case Manager, (313) 234-5160