UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBHI HAZEN,

    Plaintiff,

vs.                                                                                                    Case No. 12-11290

BEST BUY CO., INC.,[1]                                                HON. AVERN COHN

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 28)**[2]

I.

This is a consumers rights case. Plaintiff, Dr. Rebhi Hazen, is suing Best Buy Co. Inc. (Best Buy), making claims in relation to an incident that occurred involving his experience with Geek Squad, which he paid to service his laptop computer at a Best Buy on May 19, 2011. Best Buy filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 2) The Court granted in part the motion, dismissing all but Counts II and III (contract claims). (Doc. 11). As will be explained, Hazen filed a motion to amend, which the Court denied.

Before the Court is Hazen's motion for reconsideration of the denial of Hazen's motion to amend. For the reasons that follow, the motion is DENIED.

---

    [1]Both parties are incorrectly identified in the caption. The correct spelling of plaintiff's name is Ribhi Hazin, as he testified to at deposition. For now, the Court will use the spelling in the complaint and the rest of plaintiff's papers. Best Buy should be identified as Best Buy Stores, LP.

    [2]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.

After adjudicating Best Buy's motion to dismiss, the Court entered a scheduling order which set a discovery cut off of December 24, 2012. (Doc. 14). After the close of discovery, on January 11, 2013, Best Buy filed a motion for summary judgment (Doc. 17). Hazen did not file a response, but instead filed a motion to file an amended complaint (Doc. 20) and a motion to extend time to file response to Best Buy's summary judgment motion and to compel. (Doc. 25).

On February 7, 2013, the Court held a telephone conference with the parties to discuss the pending motions. On February 8, 2013, the Court entered an order memorializing the matters discussed at the conference. (Doc. 27) As to Hazen's motion to amend, the Court said in part:

> Hazen seeks to file an amended complaint to "include additional allegations to support his counts for negligence and gross negligence." Hazen states that Best Buy will not be prejudiced because "very limited discovery has been done." The proposed amended complaint (Exhibit 1 to Doc. 20) contains the following claims:
>
> | | |
> |---|---|
> | Count I | Negligence (Data) - due to loss of the CD containing hard drive material |
> | Count II | Negligence - Mislabeling – due to different work order numbers |
> | Count III | Bailment |
> | Count IV | Promissory estoppel |
> | Count V | Breach of Contract |
> | Count VI | Gross Negligence |
> | Count VIII | Respondeat Superior |
>
> . . .
>
> . . . the motion comes too late. The Court ruled on Best Buy's motion to

dismiss on June 22, 2012. Hazen fails to explain the seven (7) month delay in filing a motion to amend and also does not explain why it was filed a month after the close of discovery. Second, amendment is futile. Hazen seeks to reassert negligence claims which the Court has already dismissed. No "additional allegations" change the conclusion that tort claims are barred based on the parties' contractual relationship. Moreover, as explained in Best Buy's response, Hazen does not have a plausible bailment claim, which is also subsumed within the contract claims.

(Doc. 27 at p. 3-4). The Court also disposed of Hazen's discovery request and set a briefing schedule on Best Buy's summary judgment motion. The order also stated that any objections must be filed within 5 days.

On February 22, 2013, Hazen filed the instant motion for reconsideration. Best Buy, at the Court's direction, filed a response. (Doc. 30).

III.

A.

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration. It provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Restating arguments does not establish a defect or that the Court was misled. See Intercontinental Electronics, S.p.A. v. Roosen, 210 F. App'x 491, **3 (6th Cir. 2006).

B.

As Best Buy notes, the motion may be denied as untimely. The Court's order stated that any objections be filed within 5 days, or by February 13, 2013. The motion was filed on February 22, 2013. Although timely under local rule 7.1(h)(1), which

3

provides that a motion for reconsideration be filed within 14 days, it was not timely based on the Court imposed deadline. Regardless, the Court declines to deny the motion on this ground as the motion fails on the merits.

As best as can be gleaned, Hazen seeks reconsideration to allege a bailment claim.[3] This claim is not plausible. The bailment claim is based on the allegation that Best Buy was negligent in handling Hazen's property, i.e. the CDs which purported to contain the data on his hard drive and instead gave Hazen CDs containing rap music. The trouble, however, is that Hazen did not deliver the CDs to Best Buy, nor did Hazen ever have possession of the CDs. Rather, Best Buy is alleged to have created the CDs. Best Buy is correct when it says:

> to the extent Plaintiff claims a bailment existed with respect to the CD's he concedes he never possessed; such an argument would not establish a viable bailment claim. As Plaintiff plainly admits, he never received the CD's. The creation of a bailment requires that possession and control over the subject property pass completely from the bailor to the bailee. Robinson, 2010 U.S. Dist. LEXIS 36111, *17, citing 8 Am Jur 2d, Bailments, § 54, p. 960. Given that Plaintiff never possessed the CD's; he could not have transferred possession and control of them to Best Buy. Thus, there is no cognizable bailment theory. Plaintiff's only arguable bailment claim relates to the property transferred to Defendant when he dropped off his laptop. This transaction is covered by the contract between the parties, and subsumed by Plaintiff's breach of contract claims, as the Court properly recognized in its February 8, 2013 Order.

(Doc. 30 at p. 11).

---

[3]Hazen also contends that reconsideration is warranted based upon Best Buy's alleged failure to provide discovery. These arguments lack merit. The Court resolved Hazen's discovery issues in the February 8, 2013 order. Moreover, there appears nothing in the record to indicate Best Buy has failed to provide or otherwise thwarted discovery. If anything, Hazen failed to engage in discovery before the cut off provided in the initial scheduling order.

Overall, Hazen has failed to show a palpable defect which would warrant reconsideration of the decision to deny his motion to amend.

The case continues on Counts II and III of the complaint, claiming promissory estoppel and breach of contract.  Hazen shall file a response to Best Buy's motion for summary judgment on those claims within 21 days after taking the deposition of a Best Buy representative, as set forth in the Court's February 8, 2013 order.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  March 4, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 4, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160

5